NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Argued November 2, 2020
Decided March 3, 2021

### Before

DIANE S. SYKES, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| No. 19-3149 | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| WILLIAM J. STEVENS, *Plaintiff-Appellee,* | |
| *v.* | |
| RICHARD SHARIF, *et al.,* *Defendants-Appellants.* | No. 15 C 1405 Thomas M. Durkin, *Judge*. |

### Order

We have for decision the final issues in a lengthy litigation that reached the Supreme Court as *Wellness International Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). Richard Sharif agreed to distribute some of Wellness's products, but a dispute soon was litigated in Texas. Sharif's failure to cooperate in discovery led to a default judgment against him. Seeking a way to avoid paying, Sharif filed a bankruptcy proceeding in the Northern District of Illinois. There, too, Sharif failed to satisfy his obligations in discovery. One consequence was a judgment in Wellness's favor in an adversary proceeding that it had commenced to collect some of what it owed from a trust that Sharif administered for his

mother. The bankruptcy court held that the trust is Sharif's alter ego and that its assets may be used to satisfy Sharif's obligations to Wellness.

Wellness learned about the trust after Sharif attempted to conceal its existence. The discovery took some doing. Wellness found that, when seeking a bank loan, Sharif had represented that he owned assets worth more than $5 million. In the bankruptcy court Sharif told the judge that he had lied to the bank and that the money actually belonged to the trust. Having confessed to bank fraud, Sharif found it hard to explain why he should not be treated as the assets' owner for other purposes. And he scarcely tried to do so, retreating into his pattern of failing to produce documents in discovery.

Represented by attorney William Stevens, Sharif did not contend in the bankruptcy court that these issues, which concern rights under state law, must be decided by a judge holding tenure under Article III of the Constitution. See *Stern v. Marshall*, 564 U.S. 462 (2011). Nor did Stevens make such an argument in the briefs he filed on appeal in the district court. Eventually, however, Stevens asked the district judge for leave to raise this issue belatedly. The judge said no and affirmed the bankruptcy judge's decision. Sharif, again through Stevens, repeated this performance on appeal. His opening brief did not mention *Stern*, but his reply brief relied on it. We observed that this normally would forfeit the point, but we held that an argument under *Stern* may not be waived or forfeited. *Wellness International Network, Ltd. v. Sharif*, 727 F.3d 751 (7th Cir. 2013). The Supreme Court reversed, holding that waiver and forfeiture are possible. On remand we held that all benefits of *Stern* had been forfeited by the omission from Sharif's opening brief. No. 12-1349 (7th Cir. Aug. 4, 2015) (nonprecedential disposition).

Just as Sharif did not pay Wellness International, he failed to pay Stevens, who filed this suit under the diversity jurisdiction seeking about $250,000 for legal services. Sharif contended that he need not pay, because Stevens committed malpractice. He maintained that Stevens failed to file in the bankruptcy court vital documents in his possession. Sharif also contended that Stevens's forfeiture of the *Stern* issue cost him a *de novo* decision by a district judge. The district judge held a bench trial and found that Stevens had turned over in discovery all of the documents that Sharif had supplied; Sharif's contrary assertion, the judge held, is not credible. The judge also held that the forfeiture on appeal did not injure Sharif, because any district judge would have reached the same conclusion as the bankruptcy judge did. The judge then held that Sharif must pay $150,000 of Stevens's bill. 2019 U.S. Dist. Lexis 173200 (N.D. Ill. Sept. 30, 2019).

The appeal has been complicated by language in the district court's judgment making the trust liable to Stevens. Sharif observes on appeal that Stevens did not seek any relief against the trust, which was not a party to this suit (though it has since intervened

to protect its interests). Stevens agrees with Sharif on this point. The parties should have pointed this problem out to the district judge rather than waiting until appellate briefing. Nonetheless, we grant their mutual wish to vacate this aspect of the judgment.

Illinois requires the plaintiff in a legal-malpractice case (which is what this suit turned into, with Sharif as counterplaintiff) to show, among other things, that counsel breached a duty to the client and that this breach caused injury. See, e.g., *Stevens v. McGuireWoods LLP*, 2015 IL 118652 ¶12 (S. Ct. Ill. Sept. 24, 2015).

The district judge held that, by turning over to Wellness all of the documents furnished by Sharif, Stevens fulfilled his duty in that respect. Sharif wants us to hold that the judge should have believed him and disbelieved Stevens, but the judge's findings are not clearly erroneous. See *Anderson v. Bessemer City*, 470 U.S. 564 (1985).

The district judge concluded that Stevens did breach a duty by raising the *Stern* argument too late. But the judge added that this did not injure Sharif, who was bound to lose even if the initial decision had been made by a district judge rather than a bankruptcy judge. That conclusion followed directly from the judge's finding that Sharif himself is responsible for the failure to produce documents in discovery. Given Sharif's defiance of multiple judicial commands to turn over information, his legal position was doomed no matter who served as the judge. That conclusion, too, is not clearly erroneous. No more need be said.

The judgment is vacated to the extent it requires the trust to pay anything to Stevens and otherwise is affirmed.